IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON PARNELL STONE,

    Petitioner,

vs.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO,

    Respondent.

No. 2:12-cv-2986 AC P

<u>ORDER</u>

        Petitioner, a state prisoner proceeding pro se, has filed an application for relief from final judgment, pursuant to Federal Rule of Civil Procedure 60, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned. <u>See</u> ECF No. 5.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. <u>See</u> 28 U.S.C. § 1915(a).

        In his motion, plaintiff seeks relief from a 2006 state court conviction for six counts of lewd and lascivious conduct with a child under the age of 14. <u>See</u> ECF No. 1 at 1. The

1

1 court's records reveal that petitioner has previously filed an application for a writ of habeas
2 corpus attacking the 2006 conviction and sentence challenged in this case.  The previous
3 application, Stone v. Martel ("Stone I"), Case No. 10-cv-3454 KJM GGH P, was filed on
4 December 27, 2010, and dismissed as untimely on March 26, 2012.

5 The court's records reflect that, since Stone I was decided, petitioner has filed at
6 least one other petition challenging the same 2006 conviction.  See Stone v. Cates ("Stone II"),
7 Case No. 2:12-cv-2174 GEB GGH P.  Stone II was filed on August 20, 2012, and dismissed
8 without prejudice as successive on October 17, 2012.

9 Petitioner now challenges his state court conviction under Rule 60, instead of
10 under 28 U.S.C. § 2254.  Even if this court had the authority to correct a state court criminal
11 judgment under Rule 60, which it does not, it has long been the rule that Rule 60 may not be
12 used to avoid the prohibition against second or successive petitions set forth in 28 U.S.C. §
13 2244(b).  Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).  The current motion represents a
14 successive challenge to the same 2006 conviction at issue in each of petitioner's prior petitions.
15 See also ECF No. 8 at 7 (relief requested includes writ of habeas corpus).  Accordingly, this
16 court lacks jurisdiction to entertain the application unless the Court of Appeals for the Ninth
17 Circuit has authorized this court to do so.  See 28 U.S.C. § 2244(b)(3)(A).  See also, e.g.,
18 Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012) ("A petitioner must obtain leave from
19 the Court of Appeals in order to file a 'second or successive' habeas petition with the district
20 court.").  The current application includes no information to suggest that petitioner has sought or
21 received permission from the Court of Appeals to file the instant petition.  Therefore, petitioner's
22 application will be dismissed without prejudice to its refiling upon obtaining authorization from
23 the United States Court of Appeals for the Ninth Circuit.

24 In accordance with the above, IT IS HEREBY ORDERED that
25     1.  Petitioner's application to proceed in forma pauperis (ECF No. 4) is granted;
26     2.  Petitioner's motion for appointment of counsel (ECF No. 9) is denied as moot;

1 and

2        3. This action is dismissed without prejudice.

3 DATED: February 14, 2013.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

ac:rb/ston2986.success